OPINION
This case is before the court for a second time as a result of our reversal and remand to the trial court of a portion of the sentence imposed upon Michael J. Buterbaugh for his convictions on two counts of involuntary manslaughter, felonies of the third degree. Pursuant to R.C. 2929.14(A)(3), third-degree felonies carry a potential prison term of one, two, three, four or five years. The trial court had sentenced him to five years' incarceration on one count and three years on the other, with the sentences to be served consecutively.
The tragic facts of this case are set forth in detail in this court's opinion in State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported, discretionary appeal not allowed (2000), 87 Ohio St.3d 1490 ("Buterbaugh I"). The grim summation of those facts is that three young adults died from injuries sustained in a multiple-car accident during the early morning hours of February 21, 1997. Another young woman survived but suffered serious injuries. Mr. Buterbaugh's involuntary manslaughter convictions were based upon a jury's findings that he was responsible for the deaths of two of the victims as a result of his street or "drag" racing and/or speeding.
In Buterbaugh I, we upheld the convictions and the trial court's decision that "* * * a term of incarceration is appropriate even though [he] had not previously committed a felony." This court also upheld the trial court's imposition of "the longest prison term authorized" for the offense, concluding that the trial court sufficiently complied with the requirements of R.C.2929.14(C).
The portion of Mr. Buterbaugh's sentence which this court vacated was that pertaining to the consecutive terms. InButerbaugh I, we stated:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, R.C. 2929.14(E) allows a court to impose consecutive prison terms if the court finds:
 * * * [T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
This court ultimately concluded that the record did not sufficiently demonstrate that the trial court found that:
 (1) consecutive service is necessary to protect the public from future crime or punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the factors contained in R.C. 2929.14(E)(4) (a through c).
In remanding the case, Buterbaugh I "* * * note[d] that the trial court may still find that appellant should serve consecutive sentences, but in order to do so, the trial court must also make the required findings of R.C. 2929.14(E)(4)."
Upon remand, the trial court conducted another sentencing hearing in December 1999. After reading a lengthy prepared opinion into the record, the court ultimately imposed the original consecutive sentences.
Michael J. Buterbaugh (hereinafter "appellant") has again appealed, assigning as error the "consecutive sentences" issue expressly left open in Buterbaugh I:
 The court erroneously sentenced appellant as a first offender to consecutive sentences in excess of the maximum term for the most serious offense of which he was convicted.
In the instant appeal, the narrow issue presented is whether appellant's consecutive sentences were so "excessive" that they amounted to an abuse of discretion by the trial court. See,e.g., State v. Hough (Nov. 23, 1999), Franklin App. No. 99AP-238, unreported.
In imposing consecutive sentences, as indicated above, the trial court was required to analyze the applicability of any R.C. 2929.14(E)(4) factors, which include, in pertinent part:
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Based upon our review of the record, appellant has not demonstrated an abuse of discretion. Upon remand, the trial court fully complied with the mandate of Buterbaugh I and the statutory requirements set forth above. The trial court expressly engaged in an analysis indicative of its consideration of the relevant factors.
The trial court rendered a 15-page decision in which it applied the law to the specifics of this case. The record supports the court's finding of the "great and unusual harm" factor (b); the court carefully detailed the horrific deaths of the victims and serious injuries to others which resulted from appellant's reckless conduct.
The court further detailed appellant's history of some 17 traffic violations; remarkably, one such violation occurred shortly after he was indicted for vehicular homicide in the instant case. Given appellant's "prior history of totally ignoring the traffic laws[,]" the trial court reasonably concluded that the recidivism factor (c) applied as well insofar as the public should be protected from future reckless conduct.
The assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is hereby affirmed.
DESHLER and LAZARUS, JJ., concur.